**Huffman Estate**

*Kiefer N. Gerstley*, for accountant.
*Richard L. Grossman*, guardian ad litem.

TAXIS, P. J., January 6, 1969.— . . . The remaining question for determination relates to distribution of the proceeds of the sale of a house and its contents and a Buick coupe. The guardian ad litem and Gladys Palmer and Patricia Palmer Schaffer complain that the proposed distribution of these funds, $22,229.15, to the four residuary legatees in one-fourth shares is in error and that the said proceeds should be distributed to the intestate heirs including these objectors.

The phrase in the holographic will which gives rise to this problem reads as follows:

"House and contents and Buick coupe to be disposed of at the discretion of heirs."

The issue is whether these proceeds should be distributed in favor of the intestate heirs or whether the reference to heirs here is merely intended to give to the heirs a right of approval with respect to distribution of those particular assets without giving to such heirs a beneficial interest in the proceeds. Both objectors strongly urge that these words are dispositive and give to their clients an intestate interest in the funds, whereas the accountant contends that the word "heirs" is restricted and refers to the four residuary heirs.

Section 14(4) of the Wills Act of April 24, 1947, P. L. 89, 20 PS §180-14(4), in parts pertinent, reads as follows:

"A devise or bequest of real or personal estate . . . to the testator's . . . 'heirs' . . . shall mean those persons . . . who would take under the intestate laws if the testator or other designated person were to die intestate at the time when such class is to be ascertained . . ."

This section of the Wills Act is to be applied "in the absence of a contrary intent" appearing in the will.

The argument presented by the accountant would disinherit the three objectors who are intestate heirs of this decedent. Before this court disinherits such heirs, it must find an express contrary intent within the four corners of the will. No such contrary intent appears. The court, therefore, finds that these objectors, together with the four residuary legatees, are the heirs who are to share the proceeds of the sale of the house, its contents and the Buick coupe. The court, therefore, awards one-third to Richard L. Grossman, Esq., guardian ad litem for Margaret Palmer, one-sixth thereof to Gladys Palmer, and one-sixth thereof to Patricia Palmer Schaffer, and one-twelfth each to Kathryn D. Little, Florence N. Greaves, Richard G. Kahoe, Jr., and Frank C. Kahoe. . . .